UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN GREENSPOON,**

    **Plaintiff,**

v.                                     Case No.  8:10-cv-2512-T-30AEP

**SARASOTA COUNTY AREA TRANSIT
and COUNTY OF SARASOTA,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (Dkt. 10) and Plaintiff's Memorandum in Opposition (Dkt. 11).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## DISCUSSION

Plaintiff asserts claims against Defendants, purportedly under Title VII of the Civil Rights Act of 1964 ("Title VII").  The two-count amended complaint alleges that Plaintiff suffered asbestos related injuries during his employment with Defendant Sarasota County Area Transit ("SCAT") from 1980 to 1987.  The amended complaint further alleges he was terminated from employment on March 10, 1987, because of his constant and consistent inquiries concerning the chemicals he was required to work with, and his efforts to correct chemical hazards in the workplace.

Defendants move to dismiss the amended complaint, in part, because the Title VII claims are barred by the statute of limitations. The Court agrees. In Florida, Title VII cases must be brought within two years pursuant to the limitations period set forth in Florida Statutes section 95.11(4)(c). *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152, 155 (S.D. Fla. 1986). Here, Plaintiff was terminated on March 10, 1987. Accordingly, Plaintiff's claims are barred.

Also, to the extent Plaintiff is seeking a tort claim under state law against Defendants, the Court declines to exercise jurisdiction.[1] This case is in its infancy and Plaintiff will not be prejudiced by the Court's decision to decline jurisdiction. It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction, although the court can choose to continue to exercise its jurisdiction in the interest of judicial economy, convenience, or fairness. *Baggett v. First National Bank of Gainesville,* 117 F.3d 1342, 1352 (11th Cir. 1997).

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Amended Complaint (Dkt. 10) is hereby GRANTED.

2. Plaintiff's claims under Title VII are dismissed with prejudice.

---

[1] It is unclear whether Count II of the amended complaint is a Title VII claim or an unspecified state-law tort claim.

3. The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on February 8, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2512.mtdismiss10.frm